[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. PETER J. CONTINO
 Date of Sentence August 28, 1990 Date of Application September 19, 1990 Date Application Filed January 23, 1991*
Date of Decision March 24, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London. Docket No. 21-36684.
M. Donald Cardwell, Esq., for Petitioner
Kevin Kane, Esq., Ass't. States Attorney, for the State
BY THE DIVISION
The petitioner plead guilty, under the Alford doctrine, to four counts of sale of cocaine by Non-Drug Dependent Person in CT Page 4325 violation of Conn. Gen. Stat. 21a-278 (b) and one count of Conspiracy to Sell plus Possess more than 1 oz. of cocaine by Non-Drug Dependent Person in violation of Conn. Gen. Stat. 54a-48 (a) and 21A-278(h). On two counts of sale of cocaine, the petitioner was sentenced ten years each, on two counts of sale of cocaine he was given fifteen years and on the remaining conspiracy count he was given fifteen years. All counts were to run concurrently for a total effective sentence of fifteen years to serve.
The record indicates that the Statewide Narcotics Task Force and the Federal Drug Enforcement Agency began an investigation of the petitioner. On numerous occasions a confidential informant met with the petitioner to purchase cocaine. The purchases ranged from as little as 1/4 oz. to 2 oz. of cocaine.
At the hearing, petitioner's counsel claimed that in the scheme of the drug scenario under investigation at the time, the petitioner's role and importance to the process has been exaggerated. He claimed that his client engaged in a series of small sales and that part of the severity of the sentence was because the major dealer eluded the police. Admitting that the sentencing judge viewed his client's role differently, counsel claimed that the sentence imposed was excessive and asked the division to reduce the total effective sentence to twenty years execution suspended after ten years to serve. Otherwise, petitioner would lose all hope, and that ten years he was asking for would comport with reasonable punishment envisioned by the law and legislature. The petitioner spoke to the division and indicated that he finds himself in prison because of his addiction to cocaine. Because of that addiction, he became a slave to the major dealer who used him as a purveyor of cocaine. He told the division that drugs were gone from his life altogether, that he learned his lesson and that a reduction of his sentence would give him hope to see his family again.
The attorney for the state argued that through wire taps, it exposed the petitioner as a major supplier to drug dealers in the New London area. That based upon the numbers and amount, the sentence imposed by the court was reasonable.
In reviewing the remarks of the sentencing judge, we find a court that recognized that it was being asked to impose a heavy sentence in this case. The court found that "Cocaine is scourge upon our society, and you unfortunately helped to increase that scourge, and that is why you have to go to prison and for a substantial period." In imposing the sentence, the court noted its duty to protect society by enforcing its laws. In contrasting the petitioner's role with other parties involved CT Page 4326 the court found . . . "Certainly you are not so big a dealer as . . ., nor are you as big a dealer as . . ., but you are a substantial dealer, a very substantial dealer."
In reaching our decision, this division is guided by Conn. P.B. 942. The sentence imposed is neither inappropriate or disproportionate considering the seriousness of the crime, and the deep involvement of the petitioner in the drug trafficking trade. The sentence is affirmed.
NORKE, J. PURTILL, J. STANLEY, J.
Norko, J., Purtill, J. and Stanley, J. participated in this decision.